1  David J. Lee, Esq., State Bar No. 296294
   david@davidjleelaw.com
2  DAVID LEE LAW, APC
   515 S. Flower Street, Suite 1900
3  Los Angeles, California 90071
   T: (213) 236-3536
4  F: (866) 658-4722

5  Attorneys for Plaintiff and the Class
   KALUM VAUGHNS
6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10  KALUM VAUGHNS, as an individual and on       Case No. 5:21-cv-02159-JLS-MRW
    behalf of all others similarly situated,
11                                               [The Honorable Josephine L. Staton]
                    Plaintiff,
12                                               **PLAINTIFF'S NOTICE OF MOTION AND
          vs.                                    MOTION TO REMAND; MEMORANDUM
13                                               OF POINTS AND AUTHORITIES IN
    BERRY GLOBAL, INC., a Delaware corporation;  SUPPORT THEREOF**
14  and DOES 1 through 50, inclusive,
                                                 Date:              February 25, 2022
15                  Defendants.                  Time:              10:30 a.m.
                                                 Courtroom:         10-A
16
                                                 Complaint Filed:   October 15, 2021
17                                               Removal Filed:     December 29, 2021

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO REMAND

**TO THE COURT, DEFENDANT, AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 25, 2022, at 10:30 a.m., or as soon thereafter as the matter may be heard by the Honorable Josephine L. Staton via Zoom Webinar (or as otherwise ordered pursuant to the Court's instructions at https://www.cacd.uscourts.gov/honorable-josephine-l-staton), Plaintiff, Kalum Vaughn, will and hereby does move the Court pursuant to 28 U.S.C. section 1447 for an order remanding this action to the Superior Court of California for the County of San Bernardino.

Plaintiff moves for an order remanding this action on the ground that this Court does not have jurisdiction of this matter pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as Defendant, Berry Global, Inc., alleges in its notice of removal. Defendant fails to establish by a preponderance of the evidence that at the time of removal the amount in controversy exceeded the jurisdictional threshold of $5,000,000; supplemental jurisdiction is unavailable.

The motion is made following a conference of counsel which took place on January 28, 2022.

The motion is based on this notice, accompanying memorandum of points and authorities, declaration of counsel, all pleadings and papers on file herein, and any further oral and documentary evidence as may be presented before or at the hearing of this matter.

DATED: January 28, 2022                DAVID LEE LAW, APC


                                        By:    */s/ David J. Lee*
                                           David J. Lee
                                           Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

Page

SUMMARY OF MOTION ................................................................................................ 1

LEGAL STANDARD ..................................................................................................... 1

LEGAL ARGUMENT .................................................................................................... 2

I.     The Complaint Alleges Specific Claims, Which Defendant and the Removal Ignore. ................. 2

       A.     The Complaint Seeks Wages for COVID Screenings and Post-Work Meetings. .............. 3

       B.     The Complaint Alleges Wage Statements Were Not Compliant When Employees Earn Shift Differentials or Overtime. ......................................................... 3

       C.     The Complaint Alleges the Additional Hour of Regular Rate Wages Paid for Meal and Rest Break Failures Was Underpaid. ............................. 3

II.    Remand Is Required as Defendant Fails to Establish the Requisite Amount in Controversy. ....... 4

       A.     The Assumed 100% Violation Rate for Unpaid Wages and Overtime Is Not Implausible but Impossible. ............................................................ 4

       B.     The Amount in Controversy for Wage Statement Claims Either Calculates Amounts *Not in Controversy* or Again Assumes Impossible 100% Violation Rates. ........................... 6

       C.     The Amount in Controversy for Attorneys' Fees Is Infected by the Unreasonable Amounts Calculated for the Underlying Claims. ........................................ 6

       D.     Plaintiff Will Consider New Evidence. ......................................................... 7

III.   There Are No Other Grounds for Federal Jurisdiction. ................................................. 7

CONCLUSION .............................................................................................................. 7

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Abrego v. The Dow Chem. Co.*,
    443 F.3d 676 (9th Cir. 2006) ............................................................. 2

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    574 U.S. 81 (2014) ............................................................................. 2

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
    899 F.3d 785 (9th Cir. 2018) ............................................................. 2

*Ibarra v. Manheim Invs., Inc.*,
    775 F.3d 1193 (9th Cir. 2015) ...................................................... 2, 6

*Kokkonen v. Guardian Life Ins. Co.*,
    511 U.S. 375, 377 (1994) ................................................................... 1

*Kroske v. U.S. Bank Corp.*,
    432 F.3d 976 (9th Cir. 2005) ............................................................. 2

*Serrano v. 180 Connect, Inc.*,
    478 F.3d 1018 (9th Cir. 2007) ........................................................... 5

*Rodriguez v. AT&T Mobility Servs. LLC.*,
    728 F.3d 975 (9th Cir. 2013) ............................................................. 2

*Singer v. State Farm Mut. Auto. Ins. Co.*,
    116 F.3d 373 (9th Cir. 1997) ............................................................. 7

**Statutes**

28 U.S.C. § 1332 ...................................................................................... 2

28 U.S.C. § 1367 ...................................................................................... 7

28 U.S.C. § 1441 ...................................................................................... 1

28 U.S.C. § 1447 ...................................................................................... 2

## SUMMARY OF MOTION

Plaintiff, Kalum Vaughn, was not paid all of his wages during his employment with Defendant, Berry Global, Inc., for two reasons: (1) Plaintiff was not compensated for time undergoing COVID screenings before the start of work, and (2) Plaintiff was not compensated for attending work meetings after the end of work. Because other employees also were not paid all of their wages, Plaintiff seeks to certify a class action to recover unpaid wages and overtime. Plaintiff also was not provided compliant wage statement whenever he earned overtime or shift differentials. Because other employees also did not receive compliant wage statements when they earned overtime or shift differentials, Plaintiff seeks to certify a class action to recover penalties.

Defendant removed the lawsuit to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). The lawsuit should be remanded because CAFA jurisdiction requires the amount in controversy to exceed $5 million. Defendant fails to establish the jurisdictional threshold has been met. Instead, Defendant's removal relies on amounts *not* in controversy to establish the jurisdictional threshold—i.e., amounts that the Complaint does not put at issue. The amount in controversy by the Complaint does not qualify for federal jurisdiction under CAFA. Remand is proper.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).

CAFA vests federal courts with "original jurisdiction" over class actions where (1) diversity of citizenship exists between at least one class member and at least one defendant; (2) the amount "in controversy exceeds the sum or value of $5,000,000;" (3) "the primary defendants are not States, State officials or other government entities against whom the district court may be foreclosed from ordering relief;" and (4) the class has at least 100 members. 28 U.S.C. §§ 1332(d)(2), (d)(5); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007).

"In determining the amount in controversy [under CAFA], courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Where damages are not evident

from the face of the complaint, and federal jurisdiction is questioned on that basis, "'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million … ." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788-89 (9th Cir. 2018) (quoting *Ibarra*, 775 F.3d at 1197); *accord Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

"Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence related to the amount in controversy at the time of removal.'" *Fritsch*, 899 F.3d 785 at 793 (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197. "CAFA's [amount-in-controversy] requirements are to be tested by consideration of [1] *real evidence* and [2] *the reality of what is at stake in the litigation*, using [3] *reasonable assumptions* underlying the defendant's theory of damages exposure." *Id.* at 1198 (emphasis added).

If a defendant removes a case over which the federal court lacks jurisdiction or fails to meet its burden to establish the court has federal jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c).

## LEGAL ARGUMENT

### I.  The Complaint Alleges Specific Claims, Which Defendant and the Removal Ignore.

The notice of removal acknowledges that the Complaint alleges specific claims. Nonetheless, the notice of removal ignores the actual allegations when attempting to establish the amount in controversy. *Compare* Dkt. 1 ¶ 34 (explaining the Complaint seeks unpaid wages "as a result of failing to pay off the clock work for COVID screenings and work meetings after the end of shifts") *with* Dkt. 1 ¶ 37 (considering "1,215 employees worked approximately 103,071 workweeks during the statutory period based on employee pay records," without regard for the period COVID screenings occurred or who attended post-work meetings).

**A.    The Complaint Seeks Wages for COVID Screenings and Post-Work Meetings.**

The Complaint seeks to certify an "Unpaid Wages Class" and "Overtime Class" of current and former non-exempt employees of Defendants in the State of California at any time since October 15, 2017. Compl. ¶ 10. It alleges that Plaintiff and other non-exempt employees were not paid all of their wages and overtime for two reasons: (1) Plaintiff and other employees were not compensated for their time undergoing COVID screenings before the start of work, and (2) Plaintiff and other employees were not compensated for attending work meetings after the end of work. *Id.* ¶ 1 ("Plaintiff was required to go through COVID screenings before the start of shifts and to attend work meetings after the end of shifts, but Plaintiff was not paid for this time."). Based on these allegations, Plaintiff seeks all available remedies on behalf of the Unpaid Wage Class and Overtime Class.

**B.    The Complaint Alleges Wage Statements Were Not Compliant When Employees Earn Shift Differentials or Overtime.**

The Complaint also alleges claims on behalf of a proposed "Wage Statement Class," which would include all current and former employees of Defendants in the State of California who were paid shift differentials or overtime at any time since October 15, 2020. Compl. ¶ 10. It alleges that whenever Plaintiff and the Wage Statement Class were paid overtime or shift differential wages, Defendant furnished wage statements that failed to accurately show all applicable rates of pay or the total hours worked. *Id.* ¶ 1. Based on these allegations, Plaintiff seeks all available remedies on behalf of the Wage Statement Class.

**C.    The Complaint Alleges the Additional Hour of Regular Rate Wages Paid for Meal and Rest Break Failures Was Underpaid.**

The Complaint additionally alleges claims on behalf of a proposed "Regular Rate Class," which would include all current and former non-exempt employees of Defendants in the State of California who at any time since October 15, 2017, were paid an additional hour of pay for meal periods or rest periods in a workweek in which they also earned non-discretionary incentives. Compl. ¶ 10. It alleges that Defendant underpaid these employees when paying the additional hour of regular rate wages owed to employees who are not provided lawful meal breaks or permitted lawful rest breaks. *Id.* at 1 ("Plaintiff was not paid an additional hour of regular rate wages for the missed rest periods or meal

1  periods. Instead, Plaintiff was paid an additional hour of wages at his base hourly rate."). Based on these

2  allegations, Plaintiff seeks all available remedies on behalf of the Regular Rate Class.

3  **II.    Remand Is Required as Defendant Fails to Establish the Requisite Amount in Controversy.**

4  The notice of removal claims that the Complaint places at least $7,016,784.54 in controversy.

5  Dkt. 1 ¶ 59. The total is calculated by summing $1,637,111.05 in unpaid wages, $2,455,666.58 in unpaid

6  overtime, $1,520,650.00 in wage statement penalties, and $1,403,356.91 in attorneys' fees. *Id.* The

7  problem is that each of the calculated amounts in controversy for unpaid wages, unpaid overtime, wage

8  statement penalties, and attorneys' fees either ignore the Complaint's allegations or depend on

9  unreasonable or impossible assumptions.

10 **A.    The Assumed 100% Violation Rate for Unpaid Wages and Overtime Is Not**

11 **Implausible but Impossible.**

12 As the Court recently observed about "wage-and-hour lawsuits attempting to find their way to

13 federal court, violation rates are key to the calculations necessary to reach the $5,000,001 amount-in-

14 controversy figure CAFA requires." *Gonzalez v. H&M Hennes & Mauritz L.P.*, 2022 WL 179292, at *3

15 (C.D. Cal. Jan. 20, 2022) (Staton, J.) (granting motion to remand based on defendant's failure to meet its

16 burden to demonstrate a sufficient amount in controversy). Here, the notice of removal applies 100%

17 violation rates. This is not unreasonable because it is implausible; it is unreasonable because it is

18 impossible. For example, as discussed below, there were no unpaid wages for COVID screenings in

19 October of 2017.

20 With respect to unpaid wages, Defendant calculates the amount in controversy based on "a

21 conservative estimate of 50 minutes of unpaid minimum wage per workweek (10 minutes per shift

22 during a typical 5-day workweek)." Dkt. 1 ¶ 38. Similarly, with respect to overtime wages, Defendant

23 calculates the amount in controversy based on "a conservative estimate of 50 minutes of unpaid

24 overtime per workweek (10 minutes per shift during a typical 5-day workweek)." Dkt. 1 ¶ 45.

25 Taken together, the notice of removal presumes that there are actually 20 minutes of off-the-

26 clock time per workday. Based on this "conservative estimate," the notice of removal then applies a

27 100% violation rate—calculating an amount in controversy for unpaid wages and overtime based on the

28 assumption that 10 minutes of unpaid minimum wages and 10 minutes of overtime apply to each and

4

every workday during all of the 103,071 weeks worked by 1,215 employees since October 15, 2017. Dkt. 1 ¶¶ 44-45. Even 20% violation rates have been found to be unreasonable. *Duran v. Allegis Global Sols., Inc.*, 2021 WL 3281073, at *3-5 (N.D. Cal. Aug. 2, 2021) (finding an assumption of a 20% violation rate "unreasonable" where complaint described violations as occurring "at times" or "on occasion").

Here, there can be no explanation for how these assumptions would be reasonable. They are not. For example, what would be reasonable is to assume that there were no COVID screenings before at least March of 2020. Nonetheless, Defendant assumes the same amount of unpaid time, both before and after COVID screenings could exist. Even after COVID screenings became a reality, Defendant ignores that the relevant amount in controversy would apply to employees who worked at locations (and for periods) that required COVID screenings.

Plaintiff acknowledges that unpaid wages for off-the-clock post-work meetings since October 15, 2017, are at issue. But Defendant fails to acknowledge that the Complaint's allegations limit off-the-clock work to employees who were required to attend post-work meetings (or at a minimum fails to explain how an assumed 100% violation rate would be reasonable). As the Court has also explained, the notice of removal's calculations—"which amounts to little more than plucking a violation rate out of the air and calling it 'reasonable'—is "a wasteful and silly, but routine, exercise in mathematical fantasyland." *Gonzalez*, 2022 WL 179292 at *2 (granting motion to remand based on defendant's failure to meet its burden to demonstrate a sufficient amount in controversy).

The assumed 100% violation rate is plainly unreasonable, particularly with respect to unpaid overtime. It is unreasonable to assume that there could be 10 minutes of overtime per workday when 10 additional minutes of work (or 20 additional minutes of work) would not require overtime for numerous employees as a matter of practical reality—whether part-time employees, employees scheduled for shifts of less than six hours pursuant to meal period waivers, or employees who simply worked less than 7 hours and 40 minutes in a workday (or 38 hours and 20 minutes in a workweek).

**B.    The Amount in Controversy for Wage Statement Claims Either Calculates Amounts *Not* in Controversy or Again Assumes Impossible 100% Violation Rates.**

With respect to wage statement violations, the notice of removal alleges that the Complaint "does not specifically allege how often all of the alleged violations occurred." Dkt. 1 ¶ 48. Defendant then calculates an amount in controversy for wage statement penalties by assuming that the amount in controversy for wage statement penalties would apply to 100% of the "777 non-exempt employees [who] worked approximately 15,595 pay periods in California from the period October 15, 2020 to present." Dkt. ¶ 151. Here, the problem is not limited to the 100% violation rate. The problem is that Defendant calculates amounts *not* in controversy.

"In determining the amount in controversy [under CAFA], courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The Complaint alleges that "whenever overtime and shift differential wages were paid, Defendants fail to furnish Plaintiff and the Wage Statement Class with itemized wage statements that accurately state the applicable rates of pay or the total hours worked." Compl. ¶ 41. The specific wage statement allegations do not implicate each and every wage statement issued during the 15,595 pay periods that were worked by any employee during the relevant period. It seeks penalties for pay periods in which overtime and shift differential wages were paid.

The Complaint does seek derivative wage statement penalties that would result from the off-the-clock work discussed in connection with unpaid wages and overtime. Just as an assumed 100% violation rate is unreasonable there, it also is unreasonable here.

**C.    The Amount in Controversy for Attorneys' Fees Is Infected by the Unreasonable Amounts Calculated for the Underlying Claims.**

To suggest that the jurisdictional threshold is met, the notice of removal also relies on attorneys' fees in the amount of 25% of the amounts in controversy for unpaid wages, unpaid overtime, and wage statement penalties. Dkt. 1 ¶¶ 54-57. As discussed above, none of the underlying amounts in controversy are reasonably calculated. 25% of an unreasonable amount is still wholly unreasonable.

**D.      Plaintiff Will Consider New Evidence.**

To the extent that Defendant provides additional information that establishes CAFA jurisdiction is proper, Plaintiff remains willing to confer. To the extent that Defendant opposes the motion, new evidence must have foundation and not constitute speculation or conjecture. *See, e.g., Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

**III.      There Are No Other Grounds for Federal Jurisdiction.**

As discussed above, federal jurisdiction under CAFA is improper. Because there is no other grounds for federal jurisdiction, supplemental jurisdiction is also unavailable. 28 U.S.C. § 1367(c) (authorizing supplemental jurisdiction "in any civil action of which the district courts have original jurisdiction"). Remand is proper.

**CONCLUSION**

As the removing party, Defendant has the burden to establish federal jurisdiction. The notice of removal fails to show that the amount in controversy exceeded $5 million at the time of removal. Removal pursuant to CAFA was improper. For these reasons, remand is proper.

DATED: January 28, 2022                    DAVID LEE LAW, APC


                                          By:   */s/ David J. Lee*
                                                  David J. Lee
                                                  Attorneys for Plaintiff